**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DANIEL RODRIGUEZ-CASTENERA,

     Defendant - Appellant.

No. 09-4033
(D. Utah)
(D.C. No. 2:08-CR-00397-DAK-1)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

Daniel Rodriguez-Castenera pled guilty to possession of heroin with intent to distribute and was sentenced to 70 months imprisonment, at the low end of the advisory guideline range. He appeals from his sentence claiming it is substantively unreasonable. We affirm.

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id*.

## I.    BACKGROUND

In May 2008, the Drug Enforcement Administration (DEA) began an investigation into Rodriguez-Castenera's activities.  Over the course of less than three weeks, a confidential informant assisted DEA agents in four controlled purchases of cocaine and heroin from the organization with which Rodriguez-Castenera was involved.  On each occasion, Rodriguez-Castenera delivered the drugs to the agents.  On May 29, 2008, agents arrested Rodriguez-Castenera along with another individual, seizing hundreds of balloons containing heroin and cocaine.  Agents seized additional heroin from Rodriguez-Castenera's residence.  Laboratory testing revealed 1,568 grams of heroin and 66 grams of cocaine were seized.

Rodriguez-Castenera was charged with one count of possessing with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1).[1]  He pled guilty pursuant to a written plea agreement.  During his presentence interview, he explained he had come to the United States from Mexico only weeks before his arrest and had become involved in trafficking drugs in order to make money.

Prior to sentencing, a probation officer prepared a presentence report (PSR).[2]  The probation officer determined Rodriguez-Castenera's total offense level was 27, after including a two-level reduction under the safety-valve provision, USSG §5C1.2, and a three-level reduction for acceptance of responsibility, USSG §3E1.1.  Based on this

_____

[1] Rodriguez-Castenera was charged only with the heroin seized from his residence.

[2] The probation officer used the 2007 edition of the guidelines.

offense level and a criminal history category of I, the probation officer calculated the

guideline range to be 70 to 87 months imprisonment—he received a substantially reduced

sentence because he qualified for safety valve relief.[3]  The probation officer did not

identify factors warranting an upward or downward departure.

Rodriguez-Castenera requested a two-level reduction in his base offense pursuant

to USSG §3B1.2(b) because he "was less culpable than those who had been involved in

the [drug trafficking] scheme prior to his arrival, and those who organized and oversaw

the scheme."  (R. Vol. I at 37.)  He did not assert he was a minor participant, but claimed

he "did not act independently at any time."  (*Id*.)  He also requested a four-level reduction

based on aberrant conduct pursuant to USSG §5K2.2.  He claimed he was entitled to this

reduction because his criminal conduct in the United States "was a marked deviation

from his life that had been, up [to] that point, law abiding."  (*Id.* at 38.)  Alternatively, he

requested a sentence of 36 months imprisonment in consideration of the 18 U.S.C. §

3553(a) sentencing factors—specifically, his "history of stable employment and law-

abiding character" and "the fact that this is his first and only criminal offense."  (*Id.* at

40.)

At sentencing , the judge acknowledged Rodriguez-Castenera entered the United

States only nineteen days prior to his arrest, but stated: "He still managed to get quite a

bit done that ought not to have been done in 19 days."  (R. Vol. III at 7.)  He said

_____

[3] The statute provides for a minimum sentence of ten years imprisonment unless the defendant qualifies for safety valve relief pursuant to 18 U.S.C. § 3553(f)(1)-(5).  *See* 21 U.S.C. § 841(b)(1)(A).

Rodriguez-Castenera "would have a better argument there if it were one or two [controlled purchases], rather than four plus." (*Id.* at 9.) The government argued Rodriguez-Castenera was not entitled to a reduction on account of his role in the offense or for aberrant behavior. It argued Rodriguez-Castenera's arguments were taken into account by the safety valve relief. Speaking on his own behalf, Rodriguez-Castenera apologized for his conduct and asked for "the least amount of time possible." (*Id.* at 17.) The court imposed a sentence of 70 months imprisonment. The judge explained:

> I'm troubled by the amount of activity that . . . occurred in 19 days, if it was just 19 days, and the volume is troublesome as well. I think, in this instance, the safety valve is all that's warranted, so I'm going to give him the low end of the [guideline range].

*Id.* at 17-18.

## II. DISCUSSION

Rodriguez-Castenera raises only one issue on appeal—he contends his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence under an "abuse-of-discretion standard." *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008), *cert. denied*, S. Ct. 139 (2009). A sentence is substantively unreasonable "if the court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted). Where, as here, the sentence is within the properly calculated guideline range, there is a presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). This presumption can be rebutted if the defendant shows the sentence imposed is unreasonable in light of the factors set forth at

18 U.S.C. § 3553(a). *See id.*

Rodriguez-Castenera cannot overcome this presumption. He contends the sentence imposed was "greater than was necessary" because the court "fail[ed] to factor in [his] minor participation and aberrant conduct in committing the offense." (Appellant's Br. at 8.) He relies principally on *United States v. Munoz-Nava*, 524 F.3d 1137 (10th Cir. 2008). In *Munoz-Nava*, the district court sentenced the defendant to a below-guidelines sentences in consideration of the § 3553(a) sentencing factors—in particular, the defendant's personal history and characteristics. *Id.* at 1142. On appeal, the government argued "the district court placed undue weight on [the defendant's] family circumstances, which were neither dramatic nor unusual." *Id.* at 1148. We concluded the sentence was substantively reasonable. We explained: "While this court could conclude a different result was reasonable, it is not for us to decide *de novo* whether the justification for a variance is sufficient or the sentence reasonable." *Id.* at 1149 (quotations omitted).

The same result is warranted here. The court could, perhaps, have imposed a below-guidelines sentence based on Rodriguez-Castenera's role in the offense and apparent lack of criminal history, but its failure to do so does not mean the sentence was substantively unreasonable. The sentence the court imposed, like the sentence in *Munoz-Nava*, is both "reasoned and reasonable." *See id.* Our role is "not [to] examine the weight a district court assigns to various § 3553(a) factors." *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008).

**AFFIRMED**.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge